SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD R. COOCH
RESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
(302) 255-0664

Jeffrey M. Weiner, Esquire
The Law Offices of Jeffrey M. Weiner, P.A.
1332 King Street
Wilmington, Delaware 19801
Attorney for Plaintiff

Joseph S. Naylor, Esquire
Swartz Campbell, LLC
300 Delaware Avenue, Suite 1410
P.O. Box 330
Wilmington, Delaware 19899
Attorney for Defendant Christopher M. Cresswell

> Re: *Reybold Venture Group XVI LLC v. Christopher M. Cresswell and Furniture Services Unlimited, LLC*
> *C.A. No. N10C-05-078 RRC*

Submitted: October 2, 2014
Decided: November 26, 2014

On Plaintiff Reybold Venture Group XVI LLC's Cross-Motion for Summary Judgment.
**DENIED**.

On Defendant Christopher M. Cresswell's Amended Cross-Motion for Summary Judgment.
**GRANTED.**

Dear Counsel:

## I.  INTRODUCTION

Plaintiff Reybold and Defendant Cresswell have cross-moved for summary judgment.[1] The Court must determine the extent of Defendant's liability to Plaintiff

---

[1] For clarity, any reference to "Defendant" herein is a reference to Defendant Cresswell, unless stated otherwise. *See* paragraph 12, Stipulated Factual and Procedural History, *infra* at II. A.

1

under a guaranty executed by the parties. Both parties assert that the guaranty is "unambiguous," although they interpret it differently. Defendant contends summary judgment should be granted in his favor because the guaranty at issue "unambiguously" limits Defendant's liability to the $42,000 Defendant already owes under an order of partial final judgment in this matter.[2] Plaintiff in response contends summary judgment should be granted in its favor because the guaranty at issue "unambiguously" extends Defendant's liability to $183,367.64 in unpaid base rent, plus the uncontested $42,000 sum.

The Court concludes that the guaranty executed by the parties limits Defendant's liability to the $42,000 previously awarded to Plaintiff by this Court. Plaintiff's Motion for Summary Judgment is therefore **DENIED.** Defendant's Motion for Summary Judgment is therefore **GRANTED.**

## II.   FACTUAL AND PROCEDURAL HISTORY

### A. Stipulated Factual and Procedural History:

The parties in this case agreed to a stipulation of the factual and procedural history that was submitted to the Court. That stipulation appears *in toto* below:

1. Plaintiff Reybold Venture Group XVI LLC ("Reybold") is a Delaware Limited Liability Company (paragraph 1 of the Complaint and Answer) [Pretrial Stipulation ("PTS") Facts Admitted Without Formal Proof ("Facts Admitted")].

2. Defendant Christopher M. Cresswell ("Cresswell") is an individual residing at 2305 West 16th Street, Wilmington, Delaware 19806 [paragraph 2(a) of the Complaint and Answer] [PTS Facts Admitted Without Formal Proof ("Facts Admitted")].

3. Defendant Furniture Services Unlimited, LLC ("Furniture") is a Delaware Limited Liability Company [paragraph 2(b) of the Complaint and Answer] (PTS Facts Admitted).

4. On or about April 17, 2006, Plaintiff Reybold and Defendant Furniture entered into a Lease Agreement for Suites 106, 107, and 108 of the Basin Road Distribution Center located at 6 Bellecor Drive, New Castle, Delaware 19720 (Plaintiff Exhibit #1) (paragraph 3 of the Complaint and Answer) (PTS Facts Admitted). A copy of the April 17, 2006 Lease is attached an incorporated herein as Exhibit A.

---

[2] Partial final judgment was entered against Defendant Cresswell for $42,000 on Dec. 20, 2012. Judgment by default was also entered against Defendant Furniture Services for the same $42,000 in a related matter that has since been consolidated.

5. On or about January 25, 2008, Defendant Cresswell executed a Guaranty (PTS Facts Admitted). A copy of the January 25, 2008 Guaranty is attached hereto and incorporated herein as Exhibit B.

6. As of February 1, 2010, Defendant Furniture owed Plaintiff Reybold $42,000 in outstanding amounts due under the 2006 Lease.

7. On or about February 1, 2010, Plaintiff Reybold and Defendant Furniture entered into a Lease Agreement for Suites 106, 107, and 108 at the Basin Road Distribution Center, 6 Bellecor Drive, New Castle, Delaware 19720 (PTS Facts Admitted). A copy of the February 1, 2010 Lease is attached hereto and incorporated herein as Exhibit C.

8. On or about February 3, 2010, Defendant Cresswell executed a Guarantee Agreement (PTS Facts Admitted). A copy of the February 3, 2010 Guaranty is attached hereto and incorporated herein as Exhibit D.

9. By letter dated April 12, 2010 (Plaintiff Exhibit #8), Plaintiff Reybold demanded that Defendant Furniture cure its default by paying the then-outstanding balance of $21,264.14 within ten (10) days [paragraph 6(a) of the Complaint and Answer]; Defendant Furniture failed to do so.

10. On May 11, 2010, Reybold filed its first Complaint against Defendants Furniture and Cresswell. A copy of that Complaint is attached hereto and incorporated herein as Exhibit E.

11. Despite diligent efforts, Reybold was unable to lease the space through the end of the lease on October 31, 2011, resulting in a loss of $225,367.64 in rent and related expenses as set forth in Exhibit F.

12. On October 31, 2011 and on December 1, 2011, Reybold obtained default judgment in the principal amount of $42,000 against Defendant Furniture.

13. On December 20, 2012, based upon Defendant Cresswell's admission in the Pretrial Stipulation that he owed Plaintiff Reybold the Additional Rent of $42,000.00 plus pre- and post-judgment interest, plus legal fees and Court costs in connection therewith, the Court entered an Order for Partial Final Judgment.

14. Copies of these Judgment[s] are set forth in the record and are not disputed.

## B. Other Pertinent Contract Provisions:

The recitals and the first paragraph of the 2010 Guaranty are at the center of the parties' dispute. Both the recitals and Paragraph 1 appear *in toto* below:

WHEREAS, Guarantor warrants that he has an ownership interest and/or otherwise is an authorized officer in Furniture Services Unlimited, LLC

3

(hereinafter FSU), a limited liability company organized under the laws of the State of Delaware.

WHEREAS, FSU had entered into a Lease Agreement with a commencement date of November 1, 2006 (the "Original Lease"), with Landlord and has failed to make timely payments of rent and other amounts due under Original Lease.

WHEREAS, Landlord has taken action to terminate the Original Lease in accordance with its terms and pursuant to Delaware law.

WHEREAS, as a condition for Landlord to permit FSU to enter into a new lease governing the same property under different payment and duration terms (the "New Lease"), Landlord is requiring Guarantor to guaranty and become surety for the payment and performance of all the covenants, representations, obligations and liabilities, of Tenant pertaining to amounts of Additional Rent under the New Lease.

NOW, THEREFORE, for and in consideration of agreeing to terminate the Original Lease and entering into the New Lease by Landlord in accordance with the terms thereof, and the covenants of Guarantor herein contained, and intending to be legally bound hereby, Guarantor hereby covenants as follows:

1. Guarantor [Cresswell] hereby irrevocably and unconditionally guarantees and becomes surety for the prompt and faithful payment and performance of all of the covenants, obligations and liabilities of Tenant [Furniture Services Unlimited, LLC], its successors and assigns, under the New Lease, pertaining to the payments of all installments of Additional Rent (as defined in Paragraph 2. B. of the New Lease), all damages in the event of any Event of Default of such payments (as defined in the New Lease), and *also for all representations of Tenant under the New Lease*.  All of such obligations are incorporated herein.[3]

## III.  THE PARTIES' CONTENTIONS

### A. Plaintiff's Contentions

Plaintiff contends that the 2010 Guaranty extends Defendant's liability to not only the judgment amount of $42,000, but an additional $183,367.64 in damages based on unpaid base rent.  Plaintiff argues that the 2010 Guaranty, specifically at Paragraph 1, holds Defendant personally responsible for the $42,000 plus the unpaid base rent, totaling $225,367.64.

---

[3] 2010 Guaranty, Ex. D., Stip. of Facts for Summary Judgment Motions (emphasis added).

Plaintiff argues that the phrase "and also for all representations of Tenant under the New Lease" extends Defendant's liability to include base rent obligations left unpaid by Furniture Services. Plaintiff contends that there is no ambiguity as to this phrase's ordinary meaning and that the recitals to the contract, when read together with Paragraph 1, support its interpretation of the phrase in question.

Plaintiff also argues that because Delaware adheres to an objective theory of contracts, the Court should look to "not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant."[4] Plaintiff contends that Defendant fails to read the entire contract objectively, but rather focuses on "one provision of the 2010 Guaranty, in isolation, as if the remainder of the 2010 Guaranty did not exist."[5]

## B. Defendant's Contentions

Defendant contends that the 2010 Guaranty unambiguously limits Defendant's liability to the $42,000 in Additional Rent for which partial final judgment has already been entered. As to Paragraph 1 of the Lease, Defendant argues that the phrase "and also for all representations of Tenant under the New Lease" refers to representation of fact as to how Furniture Services would be using the premises.[6]

In the alternative, Defendant argues that four principles of contract construction prevent the Court from interpreting "all representations of Tenant under the New Lease" to include any base-rent obligations. First, Defendant argues that the Court should read and interpret the contract according to its plain meaning and proper grammatical structure. Defendant contends that reading the contract according to its plain meaning and proper grammatical structure will lead to a finding that the "unspecified representations" are non-financial in nature. Second, under Delaware law, a specific contract provision trumps a general contract provision, and "an overly broad reading of a general provision that would be inconsistent with a specific provision is not permitted."[7] Third, a contract should be read to give effect to all the provisions of the contract and not render one provision superfluous or redundant. Fourth, the doctrine of *contra preferentem* should apply, requiring that any ambiguity be resolved against the drafter, Plaintiff.[8]

---

[4] Pltf's Answering Brief and Opening Brief at 7 (quoting *Laugelle v. Bell Helicopter, Inc.*, 2014 WL 2699880, at *11 (Del. Super. Jun. 11, 2014) (internal quotation marks omitted).
[5] Pltf's Answering Br./Opening Br. at 7-8.
[6] Def.'s Reply/Answering Br. at 4.
[7] *Id.*
[8] Def.'s Reply/Answering Br. at 4-6.

Finally, Defendant argues that the recitals of the 2010 Guaranty are evidence of the intent to permit Furniture Services to enter into a new lease, the 2010 Lease, on the condition that Defendant personally guaranty the unpaid rent, defined under the 2010 Lease as "Additional Rent." Defendant argues that the recitals show no intent to extend liability further than the Additional Rent payments.

## IV.   STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[9]  On summary judgment, the Court must view the facts in the light most favorable to the non-moving party.[10]  Once a moving party establishes that no material facts are disputed, the non-moving party bears the burden to demonstrate a material fact issue by offering admissible evidence.[11]  The non-moving party must do "more than simply show that there is some metaphysical doubt as to material facts."[12]

In cases like the instant one, "where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions."[13]  "When opposing parties make cross motions for summary judgment, neither party's motion will be granted unless no genuine issue of material fact exists and one of the parties is entitled to judgment as a matter of law."[14]

## V.   DISCUSSION

Delaware courts adhere to the objective theory of contracts.[15] In its interpretation of the 2010 Guaranty, "the Court will give priority to the parties' intentions as reflected in the four corners of the agreement."[16]  Such intent will be

---

[9] Super. Ct. Civ. R. 56(e).

[10] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970).

[11] *See* Super. Ct. Civ. R. 56(e); *See also Phillips v. Del. Power & Light Co.*, 216 A.2d 281, 285 (Del. 1966).

[12] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[13] Super. Ct. Civ. R. 56(h). In addition to the record submitted with the motions, the Court requested, and the parties filed, a stipulation of facts for the summary judgment motions.

[14] *Emmons v. Hartford Underwriters Ins. Co.*, 697 A.2d 742, 745 (Del. 1997)

[15] *See Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010).

[16] *GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 779 (Del. 2012).

6

construed "according to the meaning it would have in the eyes of a reasonable person in like circumstances."[17]

Determining the intent of the parties will sometimes require a Court to decide whether particular contract language is ambiguous.[18] That the parties disagree regarding the meaning or proper construction of a provision does not render the provision ambiguous.[19] Rather, a contract is only ambiguous "when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings."[20] Also critical to the determination of the existence of any ambiguity is the consideration of the instrument on the whole.[21] Any particular language considered must be analyzed in the context of the "apparent purpose" of the entire contract.[22] If no ambiguity is found, the contract should be interpreted according to the "ordinary and usual meaning" of its terms.[23]

The parties disagree on the interpretation of Paragraph 1 and both parties contend that the recitals are further evidence that that their interpretation is the proper one. This Court finds that Paragraph 1 is unambiguous, despite the fact that the parties interpret it differently. It is clear that the first two clauses in Paragraph 1 pertain to the payment of additional rent installments. On the other hand, the last portion of Paragraph 1, which reads "and also for all representations of Tenant under the New Lease," is not a model of clarity, but does not rise to the level of ambiguity. The plain meaning of this phrase would render Defendant personally liable for all of the representations that Furniture Services made under the 2010 Lease. That would be an unreasonable interpretation. Nothing about this contract language is ambiguous.

The fact remains, however, that the phrase "and also for all representations of Tenant under the New Lease" is not entirely consistent with the first two clauses of Paragraph 1. Plaintiff argues that the language "and also for all representations of Tenant under the New Lease" extends Defendant's liability to all unpaid rent, not just to the additional rent installments. In opposition, Defendant argues that principles of contract construction preclude such a finding, specifically that the specific provisions relating to Additional Rent payments should trump the general provision just discussed. The Court must decide which construction is more

---

[17] *See Black Horse Capital, LP v. Xstelos Holdings, Inc.*, 2014 WL 5025926, at \*16 (Del. Ch. Sept. 30, 2014);

[18] *Twin City Fire Ins. Co. v. Delaware Racing Ass'n*, 840 A.2d 624, 628 (Del. 2003)

[19] *NBC Universal v. Paxson Commc'ns Corp.*, 2005 WL 1038997, at \*5 (Del. Ch. Apr. 29, 2005)

[20] *Rhone-Poulenc Basic Chemicals Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992) (internal citation omitted).

[21] *See* 17A C.J.S. Contracts § 387

[22] *See id.*

[23] *See Rhone-Poulenc Basic Chemicals Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992).

7

reasonable and best harmonizes this last portion of Paragraph 1 with the first two clauses of Paragraph 1.[24]

This Court agrees with Defendant's argument and finds that under the well-settled rules of construction in Delaware, more specific provisions will generally prevail over a more general provision.[25] The first two clauses of Paragraph 1 pertain to Defendant's liability for the payment of Additional Rent and damages in the event that Defendant was to default on the Additional Rent payments. However, the last portion of Paragraph 1 is considerably broader, and covers all representations of Tenant made under the new lease. If the broader provision of Paragraph 1 were allowed to trump the first two clauses, the first two clauses would never apply, and would essentially be read out of the agreement. "When there is an inconsistency between general and specific provisions, the specific provisions ordinarily qualify the meaning of the general ones, due to the reasonable inference that specific provisions express more exactly what the parties intended."[26]

The Court finds that to be the case here. The first two clauses of Paragraph 1 are a more specific accounting of exactly what obligations Defendant is personally responsible for. The Court further finds that the first two clauses of Paragraph 1 pertaining to the payment Additional Rent and the damages for non-payment of same are a more exacting manifestation of the parties' intent than the more general clause "and also for all representations of Tenant under the New Lease."

Notably, the fourth recital, provides as follows:

> "WHEREAS, as a condition for Landlord to permit FSU to enter into a new lease governing the same property under different payment and duration terms (the "New Lease"), Landlord is requiring Guarantor to guaranty and become surety for the payment and performance of all the covenants, representations, obligations and liabilities, of Tenant pertaining to amounts of Additional Rent under the New Lease."[27]

A reading of the fourth recital makes it clear that Plaintiff allowed Furniture Services to change the payment and duration terms of its original lease on the condition that Defendant personally guaranteed the Additional Rent amounts.[28] The amount of Additional Rent payments is the amount which Furniture Services owed

---

[24] *See Axis Reinsurance Co. v. HLTH Corp.*, 993 A.2d 1057, 1063 (Del. 2010) ("[W]here a contract provision lends itself to two interpretations, a court will not adopt the interpretation that leads to unreasonable results, but instead will adopt the construction that is reasonable and that harmonizes the affected contract provisions.").

[25] *See Brinckerhoff v. Texas E. Products Pipeline Co.*, LLC, 986 A.2d 370, 387 (Del. Ch. 2010).

[26] *Katell v. Morgan Stanley Grp., Inc.*, No. 1993 WL 205033, at *4 (Del. Ch. Jun. 8, 1993) (citing *Statch v. Underwater Works, Inc.*, 158 A.2d 809, 811–12 (Del. Super. 1960)).

[27] 2010 Guaranty, Ex. D., Stip. of Facts for Summary Judgment Motions.

[28] 2010 Guaranty, Ex. D., Stip. of Facts for Summary Judgment Motions.

to Plaintiff under the original lease at the time the New Lease was executed. There is no indication in the recitals that the 2010 Guaranty was executed with the intent to make Defendant personally liable for any of the base rent left unpaid by Furniture Services. Defendant's construction of the contract language produces the more reasonable and harmonious result.[29]

In sum, this Court finds that the first two clauses of Paragraph 1 are controlling regarding the extent of Defendant's liability under the 2010 Guaranty and the 2010 Lease. Defendant's personal liability under the 2010 Guaranty and 2010 Lease is limited to the $42,000 in Additional Rent payments for which partial final judgment has already been entered.

# **CONCLUSION**

For the foregoing reasons, Plaintiff's Cross-Motion for Summary Judgment is **DENIED.** Defendant's Amended Cross-Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:    Prothonotary

---

[29] Defendant also makes an argument that pursuant to the doctrine of *contra preferentem*, the contract should be construed against the drafter, here, Plaintiff. The Court need not reach this argument, because under Delaware law, the doctrine of *contra preferentem* is only implicated in cases where the contract language is found to be ambiguous. *See, e.g.,* Twin City Fire Ins. Co. v. Delaware Racing Ass'n, 840 A.2d 624, 630 (Del. 2003).